SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00390-AN-2** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **VALENTIN CAMACHO RODRIGUEZ,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a drug trafficking organization responsible for transporting and distributing enormous quantities of fentanyl into Oregon. Pursuant to a plea agreement, he pled guilty to Count One of the single-count indictment alleging possession with intent to distribute 400 grams or more of fentanyl. The government has agreed to recommend the low-end of the calculated guideline, here, 33 months' imprisonment, followed by five years' supervised release. The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct,

**Government's Sentencing Memorandum**                                             **Page 1**

accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

## I.    SENTENCING CALCULATIONS

### A.    Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(4) | 1.2-4 kilograms of fentanyl | **BOL=32** |
| USSG § 2D1.1(a)(5) | Large quantity & mitigating role | -2 |
| USSG § 3B1.2(b) | Mitigating Role | -2 |
| USSG § 2D1.1(b)(18) | Safety valve | -2 |
| | **Adjusted Offense Level** | **26** |
| USSG § 3E1.1(a) | Acceptance of responsibility | -3 |
| USSG § 4C1.1 | Zero Point Offender | -2 |
| | **Total Offense Level** | **21** |

The government has agreed to recommend several reductions including a three-level acceptance of responsibility reduction, a two level role adjustment for defendant's mitigating role in the offense and a two-level reduction for zero-point offender. After all these reductions, the government calculates a total offense level of 21. The PSR correctly calculates defendant's criminal history category I (zero points). The resultant guideline range is 37-46 months' imprisonment.

Pursuant to the plea agreement the government has agreed to recommend a one-level downward variance for all 3553(a) factors including defendant's early resolution of a complex case with no motions or needless delay. The government recommends a sentence of 33 months' custody followed by five years' supervised release. The plea agreement allows for defendant to seek additional 3553(a) reductions, however, for the reasons set forth below, no further reductions

are necessary to achieve a sufficient sentence.

**C.      The Recommended Sentence**

Pursuant to the plea agreement, the government recommends a low-end sentence of 33 months' imprisonment to be followed by five years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

**II.      ARGUMENT**

**A.      Factual Summary**

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 17-23. In summary, a DEA confidential source identified the co-defendant, Said Miguel Ocampo Banuelos, (Banuelos) as a narcotics distributor operating in the Portland Oregon area in the summer of 2024. DEA task force investigators confirmed the informant's information through successful controlled purchase operations. Investigators obtained a federal search warrant to track the geolocation of the co-defendant's defendant's cellphone and install a tracking device on defendant's car.

In late September 2024, the confidential source reported that recent communications with Banuelos that indicated Banuelos was arranging for a bulk delivery of fentanyl pills to Portland. Investigators noted the geolocation for Banuelos' phone and the tracking device on defendant's car were both in separate parts of southern California. On September 30, 2024, investigators observed the location data for Banuelos' phone and the tracking device on defendant's vehicle appeared to be traveling northbound along I-5 towards Oregon. Investigators sought and received a warrant to search defendant's car.

On October 1, 20225, Investigators located the car in Oregon and stopped it. Camacho was driving and Banuelos was in the front passenger seat. Investigators lawfully searched the car

**Government's Sentencing Memorandum**                                                                 **Page 3**

pursuant to the warrant. Investigators seized five packages of fentanyl pills concealed under the center console area. The drugs were weighed and field tested and determined to be 2,789 gross grams (includes packaging materials) of fentanyl. Below are images of the drugs seized pursuant to the warrant:

 

After waiving his Miranda rights, Banuelos told the investigators he had just come to the United States from Mexico. He said he had been to California and had not visited any other states. When investigators confronted Banuelos with the facts that they had observed him in Oregon distributing drugs to others, Banuelos declined to make any further statements. Camacho said he knew he was transporting drugs and that he was doing so for payment.

**B.      33 Months' Imprisonment is Sufficient but Not More than Necessary**

Defendant was not a leader/organizer within the larger drug conspiracy. In controlled purchases with Banuelos, Banuelos negotiated the terms of the deal (drug type, quantity, and price). Defendant would deliver drugs to customers. At the time of his arrest in this case,

**Government's Sentencing Memorandum**                                                    **Page 4**

defendant and Banuelos were working together to transport and distribute narcotics from California into Oregon. The defendant has received many sentencing concessions despite the enormous quantity of drugs he had agreed to transport from California to Oregon.

Defendant does not qualify for the new sentencing guidelines that went into effect on November 1, 2025, because he was more than just a courier. These amended guidelines provide dramatic reductions whose "primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier[.] pending amendment USSG § 2D1.1(e)(2)(B)(i). Defendant does not qualify for these reductions because he was not only a courier but also a distributor in his own right. The controlled purchase operations with defendant preclude the "courier only" reductions.  The government's investigation determined that Banuelos had fled Oregon after being alerted to his mechanic finding a tracking device on Banuelos' car. Banuelos continued to distribute drugs by taking orders and dispatching defendant to deliver the drugs. Investigators believe that Banuelos entrusted the Portland area operations to defendant, and successfully installed a tracking device on defendant's car following a controlled delivery of narcotics arranged with Banuelos, and delivered by defendant. Defendant left Oregon for California where he eventually met up with Banuelos and returned to Oregon with another load of narcotics destined for the Oregon market. Although defendant was not a decision maker within the organization, he was a full participant in the distribution efforts.

After all other reductions, including a three-level reduction for acceptance of accountability, two-level reduction for zero-point offender, and the government's recommended one level variance, defendant's offense level has been effectively reduced to a level 20. With a criminal history category of I, the government's 33-month sentence is at the low end of that range. No further reductions are necessary to effect a just sentence in this case.

**Government's Sentencing Memorandum**                                        **Page 5**

The plea agreement in this case, and the recommended sentence accounts for the defendant's role in the scheme and balances that against the massive quantities of drugs he possessed with intent to distribute to others for profit. For these reasons, a sentence of 46 months' imprisonment and five years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

## III.    CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 33 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a five-year term of supervised release, subject to the standard conditions and special conditions set forth in the PSR.

Dated: April 8, 2026                    Respectfully submitted,

                                        SCOTT E. BRADFORD
                                        United States Attorney

                                        PAUL T. MALONEY, OSB #013366
                                        Assistant United States Attorney